UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY LAWTON CHOATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17cv742-PPS |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is the defendant Commissioner of the Social Security Administration's Motion to Dismiss for Failure to Timely File Civil Action. [DE 13.] Because Choate missed the deadline for filing this case, and equitable tolling does not apply, I will grant the Commissioner's motion.

## **Background**

An Administrative Law Judge denied Jeffrey Lawton Choate's claim for Social Security benefits, and Choate requested review of the ALJ's decision from the Appeals Council. His administrative appeal was denied on July 9, 2017. In its denial letter, the Appeals Council notified Choate that he had the right to commence a civil action within 60 days from the date of the receipt of the notice. The Appeals Council also provided a copy of this denial letter to Choate's representative who had represented him before the ALJ.

Accounting for mailing time, Choate had 65 days to commence a civil action

from the date of the Appeals Council's July 9, 2017 letter.  In other words, Choate had until September 12, 2017 to file this action. Choate did not file the complaint in this case by September 12, 2017.  Twice after this deadline, on September 20, 2017 and September 22, 2017, Choate filed a request with the Appeals Council for an extension to file a civil action.  In these requests, Choate told the Appeals Council that he had not received his denial letter "on time," though he didn't specify what this meant.  Choate explained that "[t]he post office delivered my notice to 181 N. Elkhart Ave. Apt #304 and my address is apartment #102." [DE 14-1 at 50-51.]  Choate also noted that his representative had just recently told him that the representative would not be pursuing an appeal on his behalf.  Prior to this, Choate had thought that the representative was planning on taking care of the civil action. [*Id.* at 48.]

Although he filed a request for an extension in September of 2017, Choate didn't hear back from the Appeals Council for awhile.  On September 29, 2017, Choate filed this civil action and is proceeding *pro se*.  Nearly four months later, on January 19, 2018, the Appeals Council denied Choate's request for an extension.  The Commissioner now seeks to dismiss Choate's appeal on the basis that it was untimely.

## Discussion

In ruling on a 12(b)(6) motion to dismiss, the Court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To survive a Rule 12(b)(6) motion, the plaintiff's complaint must plead facts that suggest a right to relief that is beyond the "speculative level." *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776–77 (7th Cir.

2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 560–63 (2007)). A mere formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. Rather, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir.2009) (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602.

A document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 427 U.S. 97, 106 (1976)).

The Social Security Act provides that a claimant may obtain review of a decision denying benefits "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The 60-day requirement is not jurisdictional but constitutes a period of limitations that may be tolled by the Commissioner or the Court if "fairness demands." *Chamberlain v. Colvin*, 2016 WL 2609578, at **1-2 (citing *Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986) and *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990)).

The Commissioner filed a motion to dismiss Choate's complaint on the basis that it was not timely filed within the 60-day statute of limitations. Choate did not respond to this motion, so I directed him to do so. In response, Choate filed a declaration that he

was unable to file in a timely manner. [DE 17.] Although he did not expressly invoke equitable tolling, Choate did indicate that several obstacles interfered with his ability to timely file, which is relevant to the equitable tolling analysis. *Id*.

Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if the plaintiff can show that he was pursuing his rights diligently and that some kind of extraordinary circumstances prevented the timely filing. *See United States v. Wong*, 135 S.Ct. 1625, 1632-33, 1637 (2015). "Equitable tolling is a doctrine used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time. It applies only to cases in which circumstances prevent a litigant from filing despite the exercise of due diligence, regardless of the defendant's conduct." *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005) (internal citations omitted).

Equitable tolling is appropriate where a plaintiff receives misleading information from a Social Security office, *Bolden v. Chater*, 1996 WL 374122, at *1–2 (N.D. Ill. June 28, 1996), or when a pro se plaintiff is unsure of the filing deadline and attempts diligently (albeit unsuccessfully) to contact a Social Security office to uncover the deadline, *James v. Berryhill*, 2017 WL 5128984, at *2 (N.D. Ill. Nov. 6, 2017). In most cases, even good faith errors by an attorney or client are an insufficient to invoke the doctrine. *Wilson v. Battles*, 302 F.3d 745, 748–49 (7th Cir. 2002). In this circuit, equitable tolling is not appropriate when a pro se litigant is aware of a filing deadline, has not been misled by the Social Security Administration, and does not timely file a complaint. *Stuller v. Acting Comm'r of Soc. Sec.*, 2017 WL 6034366, at *2-3 (N.D. Ind. Dec. 5, 2017); *see also*

*Chamberlain*, 2016 WL 2609578, at *4–5.

Choate claims that there are several extenuating circumstances that explain his late filing. Although he did not argue it here, Choate filed a request to the Commissioner for an extension of time to file his civil complaint in which he represented to the Commissioner that he did not receive his denial letter (which starts the 60-day clock) "on time." The record does show that, in his extension request, Choate alleged that "[t]he post office delivered my notice to 181 N. Elkhart Ave. Apt #304 and my address is apartment #102." [DE 14-1 at 50-51.] However, it's not at all clear what "on time" means. While a person can overcome the five-day presumption by a reasonable showing that the notice was received on a different date, 20 C.F.R. §§ 404.901, 422.210(c), Choate has offered no evidence or explanation of the date he actually received the notice. *See Krontz v. Astrue*, 2008 WL 2518624, at *3 (N.D. Ind. June 20, 2008) (copy of fax individual sent to Commissioner inquiring about her request for an extension of time to file was sufficient evidence to rebut presumption that she received notice of extension five days after it was dated).

The Commissioner also observes that, even if he did receive the denial letter later, Choate hasn't explained whether his representative received the letter late too. Under the regulations, the 60-day clock starts when either the claimant or his representative receives the denial letter. 20 C.F.R. §§ 404.1715(b), 416.1415(b). So even if Choate received his notice later, Choate's representative presumptively received it five days after it was sent, which started the time limit. Choate has not indicated when his representative received the letter, and he has not alleged that his representative

received the letter any later than the presumptive five days.

The Commissioner says that there are no facts or other exceptional circumstances that would justify an extension, but there is one fact that I find particularly concerning. During most of the 60-day statute of limitations period, Choate thought that his representative was going to file a civil action on his behalf. The representative opted not to and didn't tell Choate this until September 8, 2017 – only four days before the deadline to file an appeal. Until this time, Choate says that he was under the impression that his representative was diligently pursuing an appeal on his behalf. [DE 14-1 at 48.] Choate therefore only had four days to prepare a complaint without the assistance of an attorney or representative.

But Choate did not file a civil complaint in the next four days, and he also didn't request an extension of time from the Social Security Administration before the deadline lapsed. He did request more time on September 20, 2017 – 8 days after the deadline for filing a complaint had already passed and two weeks after the representative had told Choate that he did not plan on filing an appeal. He filed a second request two days after that, on September 22, 2017. Neither of these requests was filed within the statute of limitations, so it is not the case that Choate was diligently pursuing his rights during the 60-day window to appeal.

Choate also identifies difficulties that he faced in filing his appeal. Choate states that he was very ill when he received his denial letter and that he suffers from a low IQ and severe migraines. Moreover, during the 60-day time frame, Choate was also apparently attending hearings related to his Medicaid application. It appears that

Choate mistakenly thought these proceedings were somehow related to his Social Security application.

Although the Court sympathizes with Choate, these obstacles do not constitute the type of extraordinary circumstances for which equitable tolling is appropriate. Choate did not receive misleading information from a Social Security office, nor did he diligently pursue his rights during the statute of limitations by filing a request for an extension with the Appeals Council. Although Choate faced several challenges which surely impacted his ability to file a timely civil action, those challenges were not brought upon by the Social Security Administration. They also did not prevent Choate from filing a timely action. *See Boyer v. Astrue*, 2012 WL 6084633, at *3 (N.D. Ind. Dec. 5, 2012) (no equitable tolling where claimant waited for decision from attorney on whether attorney was willing to proceed with case and had a death in his family shortly before deadline).

The 60-day statute of limitations serves to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 476 U.S. at 481. Here, Choate was aware of the correct deadline and was not misled by the Social Security Administration. Choate has not demonstrated the kind of extraordinary circumstances needed to invoke equitable tolling. Therefore, his action is time barred.

**ACCORDINGLY:**

Defendant Commissioner of Social Security Administration's Motion to Dismiss for Failure to Timely File Civil Action [DE 13] is GRANTED.

**SO ORDERED.**

ENTERED: June 11, 2018

                                              /s/   Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT